IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PETER BRAND, and )<br>JIE "JACK" ZHAO, )<br>)<br>)<br>Defendants ) | Criminal No. 20-cr-10306-GAO |

### JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

Now come the parties jointly and submit this status report pursuant to Local Rule 116.5(b). The parties state as follows:

1. The government has provided automatic discovery productions. The government anticipates making an additional automatic discovery production within the next thirty days, and producing additional discovery as it is received, processed, and reviewed by the government. Additionally, review of potentially privileged material is ongoing and may result in the production of additional documents. The government understands that it has an ongoing and continuing duty to produce discovery.

2. The defendants have not yet issued discovery requests but reserve the right to do so.

3. The parties filed an assented to motion for a protective order at Dkt 42, which was granted on January 13, 2021. *See* Dkt 45.

4. The parties believe it is too early to establish a motions date and request to do so at the next status conference.

5.      To the extent there are experts in this case, the parties propose that government expert disclosures be made 60 days before the trial date set by the District Court, and defense disclosures 45 days before the trial date set by the District Court.

6.      The parties are not presently engaging in plea discussions. The parties estimate that a trial in this case would last approximately three weeks.

7.      The Court previously excluded time from December 7, 2020, the date on which the indictment was made public, through March 23, 2021, the date of the status conference presently scheduled in this matter. *See* Dkts 41 and 49. The parties jointly request that the Court enter an additional order on excludable delay pursuant to the Speedy Trial Act, and agree that the time from March 23, 2021 until the next status conference should be excluded. The exclusion of such time is necessary to allow defense counsel sufficient time to review the discovery provided and for the government and the defendants to prepare for trial, taking into account the exercise of due diligence. The parties further agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); § 3161(h)(1)(G).

8.      The defendants do not intend to raise any defenses of insanity, alibi, or public authority.

9.      The parties do not believe appearing at an initial status conference is necessary at this time, and thus jointly request that the hearing scheduled for March 23, 2021 be cancelled. The parties jointly request an interim status conference in approximately 45 days.

(cont'd, signatures follow)

Respectfully submitted,

| | |
|---|---|
| PETER BRAND<br>Defendant | NATHANIEL R. MENDELL<br>Acting United States Attorney |
| */s/ Douglas Brooks*<br>Douglas Brooks<br>Libby Hoopes Brooks, P.C.<br>399 Boylston Street<br>Boston, MA 02116 | */s/ Mackenzie Queenin*<br>Mackenzie Queenin<br>United States Attorney's Office<br>One Courthouse Way<br>Boston, MA 02210 |

JIE "JACK" ZHAO
Defendant

*/s/ William Weinreb*
William Weinreb
Michael Packard
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199

### Certificate of Service

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: March 16, 2021                                    */s/ Mackenzie A. Queenin*
                                                        Mackenzie A. Queenin