UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER BRAND and<br>JIE "JACK" ZHAO,<br><br>           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.   20cr10306- GAO<br><br>Violations:<br><br>Count One: Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds and Honest Services Wire Fraud (18 U.S.C. § 371)<br><br>Count Two: Bribery Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B))<br><br>Count Three: Bribery Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(2))<br><br>Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

SUPERSEDING INDICTMENT

At all times relevant to this Superseding Indictment:

General Allegations

1.      Defendant PETER BRAND ("BRAND") was a resident of Massachusetts.   From in or about 1999 until in or about July 2019, BRAND was employed as the head coach of men's and women's fencing at Harvard College.   In that capacity, BRAND was an agent of Harvard College.

2.      Defendant JIE "JACK" ZHAO ("ZHAO") was a resident of Maryland.   ZHAO served as the chief executive officer of a telecommunications company.

3.      Applicants 1 and 2 were ZHAO's sons.

4.      Co-Conspirator 1 ("CC-1") was a resident of Virginia, and the founder of an academy that teaches fencing (the "Academy"), which Applicants 1 and 2 both attended.   CC-1 was also the founder and president of a charitable entity devoted to fencing (the "fencing charity") that he founded in or about 2007.

5.      Harvard College ("Harvard") was a highly selective private college located in Cambridge, Massachusetts.   Harvard, like many highly selective colleges and universities in the United States, recruited students with demonstrated athletic abilities.   The admissions prospects of recruited athletes were higher than those of non-recruited athletes with similar grades and test scores.

6.      Harvard received federal benefits in excess of $10,000 annually under federal programs involving grants, contracts, subsidies, and other forms of federal assistance.

<u>Objects and Purpose of the Conspiracy</u>

7.      The principal objects of the conspiracy were to commit federal programs bribery and honest services wire fraud, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and (a)(2), 1343, and 1346.   The principal purpose of the conspiracy was for BRAND to facilitate the admission of Applicants 1 and 2 to Harvard as fencing recruits in exchange for bribes from ZHAO.

<u>Manner and Means of the Conspiracy</u>

8.      Among the manner and means by which BRAND and ZHAO, together with others known and unknown to the Grand Jury, carried out the conspiracy to commit federal programs bribery were the following:

    a.   Designating Applicant 1 and Applicant 2 as recruits to the Harvard men's fencing

team, in order to facilitate their admission to Harvard;

b.  Making a stream of payments to BRAND, or to third parties for BRAND's personal

benefit, totaling more than $1.5 million, in exchange for BRAND's designation of

Applicants 1 and 2 as Harvard fencing recruits.

Overt Acts

9.      On various dates between in or about 2012 and in or about 2017, BRAND, ZHAO,

and others known and unknown to the Grand Jury committed and caused to be committed the

following overt acts in furtherance of the conspiracy to commit federal programs bribery:

10.     On or about May 2, 2012, BRAND sent the following text message to CC-1: "Jack

doesn't need to take me anywhere and his boys don't have to be great fencers.   All I need is a

good incentive to recruit them[.] You can tell him that[.]"

11.     In a text message on or about July 7, 2012, CC-1 asked BRAND: "Is there space

for[…] your favorite Chinese supporter?"   BRAND replied: "Of course as long as Z[h]ao cones

[sic] through with the financial support ;)".   BRAND added: "He is my no 1 recruit as long as my

future us [sic] secured."

12.     On or about July 16, 2012, BRAND texted CC-1 to inquire whether he had "spoken

to Zhao yet".  CC-1 responded: "Off [sic] course call me when u can[.]"

13.     On or about February 19, 2013, ZHAO contributed approximately $1 million to

CC-1's fencing charity as a purported donation, with the understanding that the money would be

forwarded to a purported charitable organization established by BRAND.

14.     In or about May 2013, BRAND and his spouse established the Peter Brand

Foundation as a purported charity.

15.     On or about October 20, 2013, BRAND texted CC-1, "I can use the donation to the foundation after tomorrow."

16.     The following day, after receiving an email informing him that the Harvard admissions committee had deemed Applicant 1's admission as "likely,"[1] BRAND texted CC-1: "Your man is good to go. Don't say anything to him until he receives the call from admissions."

17.     Three days later, on or about October 24, 2013, BRAND emailed CC-1 that, according to the fencing charity's lawyer, "donations may not be forthcoming until tax exempt status is in place which can take at least 6 months."

18.     On or about December 13, 2013, ZHAO emailed BRAND an acceptance letter that Applicant 1 had received from Harvard that day.   ZHAO wrote: "Hi Boss…It is official now. I just want to thank you for what you did, really appreciate."

19.     On or about October 10, 2014, shortly after Applicant 1 matriculated at Harvard, the fencing charity contributed $100,000 to the Peter Brand Foundation.   The payment was funded by ZHAO's $1 million dollar contribution.

20.     On or about June 29, 2015 and July 22, 2015, ZHAO wrote two checks to Penn State University, in the amounts of $6,489.16 and $1,939.50, respectively, to pay for BRAND's son's tuition.

21.     On or about July 30, 2015, ZHAO wrote a check to the U.S. Department of Education in the amount of $32,339.92, to pay BRAND's son's educational loans.

22.     Between in or around July 2015 and October 2015, ZHAO made three payments,

---

[1] Harvard informs certain athletic recruits, prior to their formal admission, that their admission is "likely".

totaling $119,051.52, to pay off the mortgage loan on BRAND's residence in Needham, Massachusetts.

23.     On or about July 30, 2015, ZHAO paid $2,573.45 to the Town of Needham to pay the water and sewer bill for BRAND's home.

24.     On or about July 30, 2015, ZHAO issued a check in the amount of $34,563.25 to GM Financial to pay off BRAND's car loan.

25.     On or about March 21, 2016, ZHAO paid $50,000 into an escrow account for BRAND's purchase of a condominium in Cambridge, Massachusetts.

26.     On or about May 3, 2016, ZHAO purchased BRAND's Needham home for $989,500, well above its assessed value.   BRAND used the proceeds from the sale to fund his purchase of the Cambridge condominium.

27.     Beginning in or about the summer of 2016, BRAND helped facilitate the admission of ZHAO's younger son, Applicant 2, to Harvard as a recruited fencer.   For example, on or about June 24, 2016, BRAND emailed an Associate Director of Harvard Athletics, stating that he had offered recruiting slots to Applicant 2 and four other prospective students.

28.     On or about July 9, 2016, BRAND emailed Applicant 2 to inform him he should send in a completed application by September 15 in order to be considered for a "likely" letter at the first meeting scheduled for September 26.

29.     On or about September 29, 2016, Applicant 2 received a "likely" letter from Harvard.

30.     Between August 19, 2016 and April 11, 2017—during the period that Applicant 2's Harvard application was pending, and following his admission as a recruited fencer—ZHAO paid

a Massachusetts based residential construction company at least $154,626.41 for renovations to

BRAND's Cambridge condominium.

COUNT ONE
Conspiracy to Commit Federal Programs Bribery and Honest Services Wire Fraud
(18 U.S.C. § 371)

The Grand Jury charges:

31.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

32.    From in or about 2012 through in or about 2017, in the District of Massachusetts and elsewhere, the defendants,

(1) PETER BRAND and
(2) JIE "JACK" ZHAO,

conspired with each other and with others known and unknown to the Grand Jury to commit the following offenses:

a.  federal programs bribery, that is, being an agent of Harvard, to corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction and series of transactions of Harvard, involving anything of value of $5,000 or more, and to corruptly give, offer, and agree to give anything of value to any person, with intent to influence and reward an agent of Harvard in connection with any business, transaction, and series of transactions of Harvard, involving anything of value of $5,000 or more, where Harvard received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan guarantee, insurance or other form of Federal assistance in any one-year period, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and (a)(2); and

b.  honest services wire fraud, that is, having devised and intending to devise a scheme

and artifice to defraud, and to deprive Harvard of its right to the honest and faithful services of its employee, Peter Brand, through bribes and kickbacks did, for the purpose of executing and attempting to execute the scheme, transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. § 666(a)(1)(B))

The Grand Jury further charges:

33.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

34.     From in or about 2012, through in or about 2017, in the District of Massachusetts and elsewhere, the defendant,

PETER BRAND,

being an agent of Harvard, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, anything of value from any person, to wit, JIE "JACK" ZHAO, intending to be influenced and rewarded in connection with any business, transaction and series of transactions of Harvard, involving anything of value of $5,000 or more, where such organization received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan guarantee, insurance or other form of Federal assistance in any one-year period.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT THREE
Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. § 666(a)(2))

The Grand Jury further charges:

35.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-30 of this Superseding Indictment.

36.     From in or about 2012, through in or about 2017, in the District of Massachusetts and elsewhere, the defendant,

JIE "JACK" ZHAO,

corruptly gave, offered, and agreed to give anything of value to any person, with intent to influence and reward an agent of Harvard, to wit, PETER BRAND, in connection with any business, transaction and series of transactions of Harvard, involving anything of value of $5,000 or more, where such organization received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan guarantee, insurance or other form of Federal assistance in any one-year period.

All in violation of Title 18, United States Code, Section 666(a)(2).

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

37.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 666, as set forth in Counts One through Three, the defendants,

       (1)   PETER BRAND and
       (2)   JIE "JACK" ZHAO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.   The property to be forfeited includes, but is not limited to, the following assets:

      a.  the real property located at 59 Otis Street, Unit 3, Cambridge, Massachusetts, more particularly described in the Condominium Unit Deed recorded on May 10, 2016, at the Middlesex South Registry of Deeds as Document No. 72628, and Recorded Book No. 67227, and Page No. 513.

38.     If any property described in paragraph 37 above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred, or sold to, or deposited with a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property that cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p) to seek forfeiture of any other property

of the defendants up to the value described in paragraph 37 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MACKENZIE A. QUEENIN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JUNE 29th , 2021
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
6/29/2021 @ 12:41pm

12