IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-10306-GAO |
| | ) | |
| PETER BRAND, and | ) | |
| JIE "JACK" ZHAO, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)**

Now come the parties jointly and submit this status report pursuant to Local Rule 116.5(b). The parties state as follows:

1. The government reports that its automatic discovery production is substantially complete. The government understands that it has a continuing duty to produce discovery and to the extent the government acquires additional materials that are required to be produced under Local Rule 116.2(b)(2), the government will produce those forthwith. The defendants have issued discovery requests – along with, *inter alia*, requests for (i) assent to additional pre-trial disclosure deadlines, (ii) notice pursuant to FRE 404(b), (iii) clarification concerning certain discovery produced, and (iv) clarification regarding certain allegations in the Superseding Indictment – and the government intends on responding on October 18, 2021. The defendants note that they continue to review the voluminous discovery produced to date, and therefore reserve the right to issue additional discovery requests.

2. The parties filed an assented to motion for a protective order at Dkt 42, which was granted on January 13, 2021. *See* Dkt 45.

3. The grand jury returned a Superseding Indictment on June 29, 2021. The government requests that the Court now set a deadline for dispositive motions, as any potential motions to dismiss would be based on the Superseding Indictment and not the discovery provided. The defendants agree that it is now appropriate to set a deadline for dispositive motions. However, they submit that the government's responses to their pending discovery requests may, in fact, influence pre-motion practice – given that certain government responses may influence the filing of a motion for a bill of particulars and/or motions to compel discovery and set disclosure deadlines. Further, and in view of the holiday season and the fact that counsel for both defendants have trials in November 2021, the defense requests that the Court set January 28, 2022 as the deadline for the filing of dispositive motions.

4. To the extent there are experts in this case, the parties propose that government's expert disclosures be made 60 days before the trial date set by the District Court, and defense disclosures 45 days before the trial date set by the District Court.

5. The parties are not engaging in plea discussions. The parties estimate that a trial in this case would last approximately two-three weeks.

6. The Court previously excluded time from through October 21, 2021, the date of the upcoming status conference. *See* Dkt 70. The parties jointly request that the Court enter an additional order on excludable delay pursuant to the Speedy Trial Act, and agree that the time from October 21, 2021 until the next status conference should be excluded. The exclusion of such time is necessary to allow defense counsel sufficient time to review the discovery provided and for the government and the defendants to prepare for trial, taking into account the exercise of due diligence. The parties further agree that the ends of justice served by the granting of the requested

continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); § 3161(h)(1)(G).

7. The defendants do not intend to raise any defenses of insanity, alibi, or public authority.

Respectfully submitted,

| | |
|---|---|
| PETER BRAND<br>Defendant | NATHANIEL R. MENDELL<br>Acting United States Attorney |
| */s/ Douglas Brooks*<br>Douglas Brooks<br>Libby Hoopes Brooks, P.C.<br>399 Boylston Street<br>Boston, MA 02116 | */s/ Mackenzie Queenin*<br>Mackenzie Queenin<br>United States Attorney's Office<br>One Courthouse Way<br>Boston, MA 02210 |
| JIE "JACK" ZHAO<br>Defendant | |
| /s/ *William Weinreb*<br>William Weinreb<br>Michael Packard<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, MA 02199 | |

## Certificate of Service

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 14, 2021                                         */s/ Mackenzie A. Queenin*
                                                                              Mackenzie A. Queenin