IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:20-cr-10306-GAO |
| | ) | |
| PETER BRAND and | ) | |
| JIE "JACK" ZHAO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS JIE "JACK" ZHAO AND PETER BRAND'S JOINT MOTION TO DISMISS COUNT I PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(b)(1) AND 12(b)(3)(B)(v)

Pursuant to Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v), Defendants Jie "Jack" Zhao and Peter Brand respectfully move this Court to dismiss the dismiss the honest services fraud theory of prosecution as an object of the alleged conspiracy with which they have been charged. In the Superseding Indictment, the Government charges Mr. Zhao and Coach Brand with federal programs bribery and conspiracy to commit both federal programs bribery and honest services fraud. It alleges that they committed these crimes by agreeing that Mr. Zhao would bribe Coach Brand, then Harvard's fencing coach, to designate Mr. Zhao's sons as fencing recruits and facilitate their admission to Harvard. Regardless of whether this allegation, if true, suffices to prove federal programs bribery, it does not suffice to prove honest services fraud. The Superseding Indictment fails to allege at least three additional facts that are required elements of that crime in this circuit. **First**, it fails to allege that the conspiracy involved foreseeable harm to Harvard's tangible economic interests. *See United States v. Martin*, 228 F.3d 1, 17 (1st Cir. 2000). **Second**, it fails to allege that the conspiracy involved "deceit." *United States v. Sawyer*, 85 F.3d 713, 732 n.16 (1st Cir. 1996). **Third**, it fails to allege that Coach Brand owed a fiduciary duty to Harvard

that was violated by the alleged conduct. *See, e.g.*, *United States v. Halloran*, 821 F.3d 321, 337 (2d Cir. 2016) (noting that "a violation of a fiduciary duty" is an "element of honest-services fraud" (citing *Skilling v. United States*, 561 U.S. 358, 407 (2010))).

Accordingly, for reasons stated here and in the accompanying memorandum in support, Mr. Zhao and Coach Brand respectfully request that this Court grant the instant motion and dismiss the honest services fraud theory of prosecution as an object of the alleged conspiracy.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rules 7.1(d) and 112.1, Defendants respectfully request oral argument on this motion.

Dated: January 28, 2022

Respectfully Submitted,

*/s/ William D. Weinreb*
William D. Weinreb (BBO #557826)
Michael T. Packard (BBO #676934)
QUINN EMANUEL URQUHART
& SULLIVAN LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: 617-712-7100
billweinreb@quinnemanuel.com
michaelpackard@quinnemanuel.com

*Attorneys for Jie "Jack" Zhao*


Douglas S. Brooks (BBO #636697)
R. Matthew Rickman
(BBO #637160)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel: 617-338-9300
dbrooks@lhblaw.com
mrickman@lhblaw.com

*Attorneys for Peter Brand*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that undersigned counsel conferred with the government in an attempt to resolve or narrow the issues raised by this motion. The government opposes this motion.

*/s/ William D. Weinreb*
William D. Weinreb

## CERTIFICATE OF SERVICE

I hereby certify that on **January 28, 2022**, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.

*/s/ William D. Weinreb*
William D. Weinreb