UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER BRAND and JIE "JACK" ZHAO,<br><br>Defendants. | Crim. No. 20-cr-10306-GAO |

**JOINT PRE-TRIAL MEMORANDUM**

In accordance with the Court's pre-trial order, the parties respectfully submit the following joint pre-trial memorandum.  *See* Dkt. 144 at 2.

**I.      PROPOSED STATEMENT OF THE CASE FOR JURY SELECTION**

The parties have agreed upon the following proposed statement of the case for jury selection, with the exception of the underlined clause, which the defendants submit should not be included:

This is a federal criminal case involving alleged bribery in college athletics recruiting and admissions.  The defendants are Peter Brand and Jie "Jack" Zhao.  Mr. Brand is the former head coach of the fencing team at Harvard University.   Mr. Zhao is the parent of two students Mr. Brand recruited to Harvard.  The indictment alleges that <u>the defendants engaged in a scheme in which</u> Mr. Zhao made various payments to and for the benefit of Mr. Brand as bribes, in exchange for Mr. Brand's facilitating the admission of Mr. Zhao's sons to Harvard as recruited fencers.  The indictment charges each defendant with one count of conspiracy to commit bribery and honest services fraud, and each defendant with one count of bribery.  Both defendants have pled not guilty to these charges and are presumed innocent.

## II.  ISSUES OF LAW AND PENDING MOTIONS

### A.  Government

The government has filed motions *in limine* regarding the following issues:

1. Motion *in limine* to exclude specific-instance character evidence of the defendants.

2. Motion *in limine* to preclude cross-examination of cooperating witness Alexandre Ryjik concerning irrelevant prejudicial matters and to preclude introduction of extrinsic evidence regarding loan applications.

3. Motion *in limine* to preclude evidence and argument seeking jury nullification.

In addition to those motions, the government anticipates the following issues of law being raised before or during trial:

1. Co-conspirator Statements and *Petrozziello*

Count One of the Superseding Indictment charges the defendants with conspiracy to commit federal programs bribery and honest services wire fraud.  It alleges that Brand, Zhao, cooperating witness Alexandre Ryjik ("CC-1"), and others known and unknown participated in the conspiracy.  Dkt. 56 at ¶¶ 9, 32.  The government disclosed one other individual as an unindicted co-conspirator in automatic discovery.  *See, e.g.*, *id.* at ¶ 14.  Accordingly, the government anticipates introducing certain statements of these individuals as co-conspirator statements, in addition to their admissibility on other evidentiary grounds (*e.g.*, statements of the defendants as party admissions; statements of other co-conspirators to the defendants to provide context for the defendants' responses; etc.).

Federal Rule of Evidence 801(d)(2)(E) permits the introduction of a statement offered against a party if the statement is made "by the party's coconspirator during and in furtherance of the conspiracy."  "The proponent of the statement bears the burden of establishing, by a

preponderance of the evidence, that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." *United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002) (citing *United States v. Sepulveda*, 15 F.3d 1161, 1180 (1st Cir. 1993)); *United States v. Upton*, 559 F.3d 3, 13 (1st Cir. 2009) (collecting cases for the proposition that "acts of concealment that facilitate the central aim of the conspiracy are in furtherance of the conspiracy"). In the First Circuit, this determination is known as a *Petrozziello* ruling based on the First Circuit's opinion in *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977). *See United States v. Ciresi*, 697 F.3d 19, 25 (1st Cir. 2012).

      The First Circuit has "constructed a model for the handling" of such evidence that requires a district court to conditionally admit the alleged co-conspirator statements. *Bradshaw*, 281 F.3d at 283 (citing *United States v. Ciampaglia*, 628 F.2d 632, 638 (1st Cir. 1980)); *see also United States v. Diaz*, 670 F.3d 332, 348 (1st Cir. 2012) ("[a] district court faced with a challenge to the admission of a coconspirator's statement must provisionally admit the statement"); *United States v. Rivera-Donate*, 682 F.3d 120, 131 (1st Cir. 2012) (same); *United States v. Vazquez-Botet*, 532 F.3d 37, 65 (1st Cir. 2008) (noting that "[o]ur case law instructs district courts faced with a challenge to the admission of a coconspirator hearsay statement to admit the statement provisionally"); *United States v. Berletta*, 644 F.2d 50, 58 & n.8 (1st Cir. 1981) (noting that a ruling on the admissibility of co-conspirator statements prior to trial would "require conducting virtually a complete mini-trial prior to the actual trial"). At the close of all evidence, the Court must make a final determination as to the admissibility of the evidence. *See Bradshaw*, 281 F.3d at 283. If the Court concludes "that the provisionally admitted evidence does not satisfy the applicable standard, it must 'give a cautionary instruction to the jury, or, upon an appropriate

motion, declare a mistrial if the instruction will not suffice to cure any prejudice.'" *Id.* (citing *Ciampaglia*, 628 F.2d at 638).

Consistent with *Petrozziello* and its progeny, the government expects to offer statements of Brand, Zhao, Ryjik, and the unindicted co-conspirator at trial, and requests that the Court make a determination, after the close of all the evidence, whether the government has satisfied its *Petrozziello* burden by a preponderance of the evidence.

2. Joshua Miller Motion to Quash

The government has subpoenaed Joshua Miller, a reporter for the Boston Globe, to testify about statements Zhao made to him during an interview in the Spring of 2019, well before the defendants were charged, which Miller quoted in an article about some of the facts of this case. The government believes that many of Zhao's responses during the interview were misleading and false self-exculpatory statements evidencing consciousness of guilt. The government understands that the Globe will move to quash the subpoena. The government expects to oppose the Globe's motion and will respectfully request the Court's expedited consideration of the issue so that the parties may adequately prepare for trial. *See, e.g.*, *United States v. Treacy*, 603 F. Supp. 2d 670, 672 (S.D.N.Y. 2009) (Rakoff, J.) (denying motion to quash and holding that courts "routinely permit journalists to testify at trial where, as here, they are called solely to confirm statements that were made in a published newspaper article" by a defendant); *see also* Dkt. 163 at 1 (Zhao arguing as much).

3. Subpoena to Attorney Evan Barr and Attempt to Introduce Statements of the USAO

The defense has subpoenaed Attorney Evan Barr, counsel for Ryjik, as a potential witness, and marked as exhibits discovery letters and emails between the United States Attorney's Office ("USAO") and the defendants. The government understands that the defendants wish to introduce

4

Barr's testimony about statements he made to the USAO as part of pre-litigation advocacy and an attorney proffer, and the government's responses thereto, before Ryjik proffered and entered into a non-prosecution cooperation agreement with the government. In addition, the defendants have marked as trial exhibits certain discovery letters and emails from the government to defense counsel about those issues. Although the issue is premature, the government provides the Court with notice that it will object to introduction of such evidence.

4. Sequestration

The government anticipates moving to sequester witnesses, with the exception of two case agents who are not on the government's witness list to facilitate the orderly flow of witnesses into the courtroom for the benefit of the jury and the Court.

B. **Defense**

The defense has filed the following motions in limine:

1. Defendants' Motion in Limine to Preclude Admission of Out-of-Court Statements Made By Harvard Admissions Officers.

2. Defendants' Motion in Limine to Preclude Admission of *The Boston Globe* Article and to Limit Testimony by Reporter.

3. Defendants' Motion in Limine to Preclude Evidence or Argument Concerning Other Crimes, Wrongs, or Acts Pursuant to Rule 404(b).

4. Defendants' Motion in Limine to Exclude Evidence Concerning Harvard University's Conflict of Interest Policy and Defendant Peter Brand's Termination.

5. Defendants' Motion in Limine to Preclude Admission of Alleged Co-Conspirator Statements.

The defense is also filing a motion for leave to file a bill of particulars (with proposed motion attached), which the defense requests be resolved on an expedited basis.

## III.   PROJECTED TRIAL LENGTH

Based on a half-day trial schedule, the government projects that its case-in-chief will last approximately eight days, assuming equal time for cross-examination.  The defense projects that its case will also last approximately eight days.  To ensure that the trial is completed by the holidays, the parties are amenable to shifting to a full-day schedule as the pace of trial dictates.  The parties respectfully request that the Court instruct the jury pool that the trial may last up to three weeks and may extend to full days.

## IV.   LIST OF WITNESSES

The parties respectfully submit the below combined list of potential witnesses.  All are fact witnesses.  The government has identified 26 potential witnesses, and the defense has identified 36 potential witnesses.  The government's witnesses are labeled in blue, the defense witnesses are labeled in red, and witnesses appearing on both parties' lists are labeled in grey.

| Name | Entity/Location |
|---|---|
| Anderson, Scott | Hopkinton, MA |
| Anthony, Donald | Columbus, OH |
| Barr, Evan | New York, NY |
| Beckstrom, Christopher | Federal Bureau of Investigation Boston, MA |
| Blanchard, Scott | Littlestown, PA |
| Brand, Alexander | Waltham, MA |
| Brown, Keith | Federal Bureau of Investigation Boston, MA |
| Burge, William | Austin, TX |
| Cetrulo, Lawrence | Boston, MA |

| | |
|---|---|
| Davis, Chip | Needham, MA |
| Deckett, Mark | U.S. Department of Education Boston, MA |
| Dedon, John | Fairfax, VA |
| Dershwitz, Eli | Cambridge, MA |
| Downing, Jennifer | Cambridge, MA |
| Doyle, Cynthia | Needham, MA |
| Dupree, Jed | Cambridge, MA |
| Ellston, Cliff | Boston, MA |
| Evans, David | Cambridge, MA |
| Fitzsimmons, William | Harvard University Cambridge, MA |
| Fry, Nathan | Cambridge, MA |
| George, Lauren | United States Attorney's Office Boston, MA |
| Gilman, Dariusz | North Bethesda, MD |
| Hanna, Doug | Cambridge, MA |
| Hu, Ping | Potomac, MD |
| Irons, Janet | Harvard University Cambridge, MA |
| IRS Records Specialist | Internal Revenue Service Boston, MA |
| Jett, Stephen | Federal Bureau of Investigation |
| Kaidanov, Emanuil | State College, PA |
| Keating, Elizabeth | Internal Revenue Service Boston, MA |
| Landavazo, Frank | Austin, TX |
| Lane, Spencer | Cambridge, MA |
| Larrazolo, Michael | Federal Bureau of Investigation |
| Lesser, Darlene | Fairfax, VA |
| Lu, Gary | Warren, NJ |

| | |
|---|---|
| Mascaro, Rick | Westfield, NY |
| Mascolo, Christine | Harvard University<br>Cambridge, MA |
| Masood, Ruth | Quincy, MA |
| Miller, James | Harvard University<br>Cambridge, MA |
| Miller, Joshua | The Boston Globe<br>Boston, MA |
| Miller, T. Mark | Fairfax, VA |
| Napoli, Bruce | Herndon, VA |
| Phillips, Jacqueline | Cambridge, MA |
| Reilly, Eleanor | Needham, MA |
| Renzulli, Nicholas | Needham, MA |
| Ryjik, Alexandre | Alexandria, VA |
| Santoro, Kathy | Harvard University<br>Cambridge, MA |
| Sbarbaro, Phillip | Vienna, VA |
| Schneider, Daria | Cambridge, MA |
| Smith, Laura | Federal Bureau of Investigation<br>Boston, MA |
| Strachan, David | Topsfield, MA |
| Summary Witness | Accounting and/or Analytics Firm<br>To Be Determined |
| Tulum, Zoran | Brighton, MA |
| Vrotsos, Gary | Cambridge, MA |
| Wei, Tony | Bethesda, MD |
| Walczewski, Luke | Cambridge, MA |
| Zachariasiewicz, Robert | Aldi, VA |
| Zhao, Edward | New York, NY |
| Zhao, Eric | Mountain View, CA |

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Ian J. Stearns*
MACKENZIE A. QUEENIN
IAN J. STEARNS
STEPHEN E. FRANK
Assistant United States Attorneys


/s/ *William D. Weinreb*
William D. Weinreb (BBO #557826)
Michael T. Packard (BBO #676934)
Elizabeth M. Kelly (BBO #703557)
Jessica T. Reese (BBO #705794)
QUINN EMANUEL URQUHART
& SULLIVAN LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: 617-712-7100
billweinreb@quinnemanuel.com
michaelpackard@quinnemanuel.com
elizabethkelly@quinnemanuel.com
jessicareese@quinnemanuel.com

*Attorneys for Jie "Jack" Zhao*

/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO #636697)
R. Matthew Rickman (BBO #637160)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel: 617-338-9300
dbrooks@lhblaw.com
mrickman@lhblaw.com

*Attorneys for Peter Brand*

Dated: October 25, 2022