IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:20-cr-10306-GAO |
| ) | |
| PETER BRAND and ) | |
| JIE "JACK" ZHAO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF
*THE BOSTON GLOBE* ARTICLE AND TO LIMIT TESTIMONY BY REPORTER**

Defendants Jie "Jack" Zhao and Peter Brand ("Defendants") respectfully move *in limine* for an order precluding the government from (i) admitting into evidence the April 5, 2019 article published by *The Boston Globe* titled, "A very good deal for Harvard coach" (the "Article"), and (ii) eliciting testimony from the Article's author, Joshua Miller, regarding events about which he has no personal knowledge.  The Article appears on the government's exhibit list (Proposed Exhibit 356), and Mr. Miller appears on the government's witness list.  In the Article, Mr. Miller reports on events that occurred between 2013 and 2017 based on research and interviews he conducted in 2019.  Mr. Miller interviewed Mr. Zhao, among others, and quotes him in the Article. The Article should be excluded from evidence as inadmissible hearsay, and the Court should limit Mr. Miller's testimony to things he personally saw and non-hearsay statements he personally heard.

**ARGUMENT**

**I.   The Content Of The Article Is Inadmissible Hearsay.**

A newspaper article is an out-of-court statement of the matters asserted in it and therefore is inadmissible hearsay if offered to prove those matters.  *See, e.g.*, *Pallotta v. United States*, 404 F.2d 1035, 1036 (1st Cir. 1968) (finding that newspaper article, being hearsay, was usable only

"for purposes of impeachment," and "was not admissible as an exhibit"); *Abruzzi Foods, Inc. v. Pasta & Cheese, Inc.*, 986 F.2d 605, 606–07 (1st Cir. 1993) (noting magazine article was not admissible evidence); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993), *certified question answered*, 418 Mass. 615, 638 N.E.2d 33 (1994) ("[Newspaper article] is hearsay, inadmissible at trial to establish the truth of the reported facts.  In fact, the newspaper account is hearsay within hearsay."). That, of course, holds true even if the matters asserted in the article are a defendant's statements. *See e.g.*, *Larez v. City of Los Angeles*, 946 F.2d 630, 642–44 (9th Cir. 1991) (finding that reporters' transcriptions of defendant's non-hearsay statements "were out-of-court statements" being "offered for the truth of the matter asserted: that [the defendant] did in fact make the quoted statement[s]" and that "the newspaper quotations were not the best available evidence of what [the defendant] said; testimony from the reporters themselves would have been better").  The Article should be excluded in its entirety.

## II. Mr. Miller's Testimony Should Be Limited To Events About Which He Has Personal Knowledge.

In the event that the government calls Mr. Miller to testify at trial, the Court should limit his testimony to events about which he has personal knowledge, i.e., to things he personally observed and non-hearsay statements he personally heard.  *See* Fed. R. Evid. 602.

## CONCLUSION

For these reasons, the Court should preclude the government from introducing the Article for the truth of the matters asserted therein and from eliciting testimony from Mr. Miller beyond matters about which he has personal knowledge.

Dated: October 25, 2022                    Respectfully Submitted,

*/s/ Michael T. Packard*
William D. Weinreb (BBO #557826)
Michael T. Packard (BBO #676934)
Elizabeth M. Kelly (BBO #703557)
Jessica T. Reese (BBO #705794)
QUINN EMANUEL URQUHART
& SULLIVAN LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: 617-712-7100
billweinreb@quinnemanuel.com
michaelpackard@quinnemanuel.com
elizabethkelly@quinnemanuel.com
jessicareese@quinnemanuel.com


/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO #636697)
R. Matthew Rickman (BBO #637160)
LIBBY HOOPES BROOKS, P.C.
399 Boylston Street
Boston, MA 02116
Tel: 617-338-9300
dbrooks@lhblaw.com
mrickman@lhblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.

*/s/ Michael T. Packard*
Michael T. Packard