UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER BRAND and JIE "JACK" ZHAO,<br><br>Defendants. | Crim. No. 20-cr-10306-GAO |

**GOVERNMENT'S MOTION TO EXCLUDE PURPORTED
EVIDENCE OF POST-INDICTMENT "LOAN" REPAYMENTS**

The defendants were arrested and charged by complaint in November 2020. The complaint, and the indictment returned by the Grand Jury one month later, alleged that a series of payments made by Jack Zhao to third parties for the benefit of Peter Brand in 2015, 2016, and 2017 were bribes. *See, e.g.*, Dkt. 3-1 at ¶¶ 45–48, 58; Dkt. 25 at ¶¶ 20–24, 29. During opening statements, counsel for both defendants repeatedly told the jury that the evidence would show that these payments were loans that Brand repaid to Zhao, "with interest," sometime in 2021, after the defendants were charged. *See, e.g.*, 12/5/2022 Trial Tr. at 67:1–3, 81:1–82:6, 103:20–25. Specifically, counsel for Brand told the jury: "what [the government] didn't tell you were that those were loans which had been paid back with interest. Why would the government not tell you that if they wanted you to have the full story?" *Id.* at 68:1–3.

When the government produced automatic discovery nearly two years ago, it requested reciprocal discovery from the defense. The Court ordered the defense to produce reciprocal discovery no later than September 2022, and to identify trial exhibits in October 2022. Dkt. 144. At no time has the defense produced a loan agreement, canceled check, email, or any other document supporting the existence of a purported loan agreement between Zhao and Brand, or that Brand repaid Zhao. At the end of the first day of trial, defense counsel represented to the Court

that "our obligation . . . is to produce according to Rule 16 material we expect to introduce as part of our case in chief," and "we have complied with that obligation, and there's nothing further coming from us at that point" as to any purported loans.  12/5/2022 Trial Tr. at 235:24–236:3.

The defense should be precluded from offering any exhibits that have not been produced in discovery concerning a purported loan agreement or purported post-indictment payments from Brand to Zhao.

First, such post-indictment "repayment" of alleged bribes is irrelevant and inadmissible under Rule 403 because "what takes place [] after the fact is often feigned and artificial" and "there is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime."  *United States v. Radtke*, 415 F.3d 826, 840–41 (8th Cir. 2005); *see also, e.g.*, *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) (affirming district court's ruling that excluded evidence of belated tax payments while on trial for tax evasion: "Were the rule otherwise, tax evaders could avoid criminal prosecution simply by paying after being caught."); *United States v. Ross*, 626 F.2d 77, 81 (9th Cir. 1980) ("conduct of defendant in the years subsequent . . . was not relevant to the charge").

Second, the defense has ignored Court-imposed deadlines to produce any evidence of purported loans (if such evidence exists) in reciprocal discovery, or to mark any document pertaining to purported loans (or repayment of them) as an exhibit.  The defense has also repeatedly refused to produce Rule 26.2 statements for any of its witnesses.

Third, *both* defendants told the jury in opening statements that the payments by Zhao to Brand were loans that Brand repaid.  Accordingly, evidence of post-indictment payments from Brand to Zhao cannot properly be cast as impeachment of any witness the government will call at

trial. The defense cannot contend that it intends to affirmatively prove to the jury that Brand repaid purported loans after both defendants were indicted, and simultaneously contend that doing so is impeachment of witnesses who will be testifying about events that occurred before the defendants were indicted.

For the foregoing reasons, the defense should be precluded from introducing such post-indictment evidence, and from using any documents about a purported "loan" or repayment of such loan in impeachment of any government witness.  Further, the defendants should be ordered to immediately produce any discovery, including documents, emails, and Rule 26.2 statements, regarding purported loans or repayment of purported loans.  Immediate production of this material is warranted because defense counsel created the misimpression in their opening statements that the government had this information and chose not to tell the jury about it.  The defense should not be permitted to advance such a misleading defense theory in questioning witnesses without producing discovery that the Court ordered months ago.

> Respectfully submitted,
>
> RACHAEL S. ROLLINS
> United States Attorney
>
> By: /s/ Ian J. Stearns
> MACKENZIE A. QUEENIN
> IAN J. STEARNS
> STEPHEN E. FRANK
> Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> /s/ Ian J. Stearns
> IAN J. STEARNS
> Assistant United States Attorney